BIRNS EXPRESS, Inc., v. FOSTER–SCOTT ICE CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. EVIDENCE (§ 77*)—PRESUMPTIONS—FAILURE TO PRODUCE WITNESS.

Where plaintiff, in an action for damage to its mule by collision, when the court offered to adjourn to enable plaintiff to produce its driver as a witness, said, "Let them get him here," referring to defendant, it is presumed that the driver's evidence would have been adverse to plaintiff.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 97; Dec. Dig. § 77.*]

2. COURTS (§ 189*)—MUNICIPAL COURTS—NOTICE OF NEW TRIAL—TIME.

The Municipal Court has no power to reduce the time prescribed by Municipal Court Act (Laws 1902, c. 580) § 254, for the giving of notice of a motion for new trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

3. COURTS (§ 190*)—REVIEW—TECHNICAL ERRORS.

If a judgment is against the weight of the evidence, etc., the Appellate Division may reverse and grant a new trial, though the return day of appellant's motion for a new trial was within less than the statutory time; Municipal Court Act (Laws 1902, c. 580) § 326, requiring judgment according to the merits without regard to technical errors.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

4. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION ON STREETS—ACTIONS FOR DAMAGES—SUFFICIENCY OF EVIDENCE.

Evidence in an action for damage to a mule, injured in a collision with defendant's ice wagon, *held* not to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Birns Express, Incorporated, against the Foster-Scott Ice Company. From a judgment for plaintiff, defendant. appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

William H. Fruman, for appellant.

Isidor Cohn, of New York City, for respondent.

PAGE, J. While we are reluctant to reverse judgments because they are against the weight of evidence, realizing that the trial judge has the advantage of personal observation of the witnesses, nevertheless we feel that in the interest of substantial justice a new trial should be had in this case.

The action was to recover as damage the value of a mule belonging to the plaintiff, which was so injured by defendant's alleged negligent act that it had to be killed. The mule, attached to a wagon, was standing by the curb in a public street. An ice wagon belonging to the defendant was being driven in the opposite direction from the way the mule was headed. The mule was struck by the ice wagon, thrown down, and its leg broken, and it was otherwise so injured that it was shot and killed by a policeman.

Plaintiff called but one eyewitness, the policeman, who was standing some 75 feet to the rear of the wagon to which the mule was attached. His testimony was to the effect that there was no other wagon in front of the mule and that the plaintiff's driver was in the wagon; that defendant's driver came down the street at a rapid pace, and that the horses attached to the ice wagon struck the mule and knocked it down, the wheels of the wagon passing over its legs.

The defendant called its driver and his assistant, and also the man who was assisting the plaintiff's driver, all of whom were directly at the place of the collision, from whose testimony it appears that the mule had balked and plaintiff's driver had pulled it over to the curb behind a brewery wagon; that the plaintiff's driver and assistant were standing on the sidewalk leaving the mule unhitched; that defendant's ice wagon passed with the horses walking; that the mule suddenly started forward, and the thills of the wagon struck the rear wheel of the ice wagon, and thus the mule was thrown down.

[1] Plaintiff did not call its own driver, nor was his absence satisfactorily explained. He had been in court, under plaintiff's subpœna, twice before when the trial had been adjourned. When the trial justice offered to adjourn the case that he might be produced, the plaintiff's counsel said he had no objection. "Let them get him here." The presumption is that, had this witness been produced, his testimony would have been adverse to the plaintiff's contention. This presumption is strengthened by the statement made by defendant's counsel that this witness had stated in the presence of some of the defendant's witnesses the facts of the case substantially the same as his assistant had testified.

The defendant made a motion for a new trial obtaining an order to show cause returnable in one day. The return day was not within the statutory time. Plaintiff's counsel did not attend on the return day, and the motion was adjourned until a later day, upon which plaintiff's counsel attended, and the court dismissed the motion.

[2] The order entered upon this motion is brought up for review upon the appeal from the judgment. We are of opinion that the court had no power to reduce the time prescribed by section 254, Municipal Court Act, for the giving of notice of motion, and the decision of the learned justice was technically right.

[3, 4] This court upon appeal is not so limited. By section 326 we are required to "render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits, * * * and when judgment is contrary to or against the weight of evidence" we may reverse and grant a new trial.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs in result. WHITAKER, J., concurs.